IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY D. LEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3406 |
| | § | |
| WAL-MART, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on a Motion to Dismiss ("Motion to Dismiss") [Doc. # 17] filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on March 6, 2006. The Court directed *pro se* Plaintiff Larry D. Lee ("Lee") to file his response in opposition to Wal-Mart's Motion to Dismiss by March 31, 2006.[1] The Court also cautioned Lee that failure to respond by the March 31, 2006, deadline could result in the dismissal of this case. Lee has neither filed a response in opposition to the Motion to Dismiss nor requested additional time to do so. Based on the Court's review of the record in this case and the application of governing legal authorities, the Court grants the Motion to Dismiss.[2]

---

[1]     *See* Order dated March 6, 2006 [Doc. # 18].

[2]     Lee apparently served Wal-Mart with a copy of a second pleading that alleges claims under the National Labor Relations Act ("NLRA"). *See* Motion to Dismiss, at 1. Wal-Mart also
(continued...)

I.  **BACKGROUND**

Lee, an African-American, filed a discrimination charge against Wal-Mart with the Equal Employment Opportunity Commission ("EEOC") on October 6, 2003 ("First Charge").[3] Specifically, Lee contended in that charge that he was subjected to discrimination and retaliation because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). On March 23, 2004, Lee filed with the EEOC a second charge ("Second Charge") against Wal-Mart. In that charge, Lee alleged Wal-Mart violated Title VII by retaliating against him for filing the First Charge.[4]

The EEOC mailed to Lee a notice of his right to sue on the Second Charge ("Notice on Second Charge") on July 2, 2004.[5] On March 8, 2005, the EEOC mailed to Lee a notice of his right to sue on the First Charge ("Notice on First Charge").[6] Both

---

[2] (...continued)
moves to dismiss these claims. The Court will not address Lee's putative NLRA claims because the second pleading Wal-Mart references is not part of the record. The only pleading Lee filed in this case is the Original Complaint [Doc. #1]. Therefore, the Court only addresses Wal-Mart's Motion to Dismiss as to the claims in the Original Complaint. It is noted that Lee filed another case in this District against Wal-Mart, which was docketed as Civil Case No. H-05-2764. Lee asserted there claims under the NLRA. Judge Hoyt dismissed that case by Order dated December 1, 2005.

[3] EEOC Charge 330-2004-00091, Unmarked Exhibit to Original Complaint.

[4] EEOC Charge 330-2004-03171, Unmarked Exhibit to Original Complaint.

[5] Notice of Rights Letter for Second Charge, with "Date Mailed" listed as July 2, 2004, attached to the Original Complaint as an unlabelled exhibit.

[6] Notice of Rights Letter for First Charge, with "Date Mailed" listed as March 8, 2005, attached to the Original Complaint as an unlabelled exhibit.

notices advised Lee: "Your lawsuit **must be filed within 90 days of your receipt of this Notice;** or your right to sue based on this charge will be lost."[7]  Lee filed this suit on September 19, 2005.

Lee alleges in his Original Complaint that he was terminated, harassed, subjected to disparate treatment, and not promoted because of his race and color in violation of Title VII.[8]  Wal-Mart filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that this action is untimely.  The Court advised Lee of his obligation to respond and gave him additional time to do so.  The Court cautioned Lee that failure to respond could result in dismissal of this case.[9]  Lee has not, however, filed any response in opposition to the Motion to Dismiss and has not requested an extension of time to do so.  The Motion to Dismiss, therefore, is uncontested and ripe for decision.[10]

---

[7]  *See* Notice on First Charge (emphasis added); Notice on Second Charge (emphasis added).

[8]  Original Complaint, ¶ 6.

[9]  Order [Doc. # 18], dated March 6, 2006.

[10]  Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition.  S.D. TEX. R. 7.3, 7.4.  The Court is nonetheless obligated to consider the merits of the Motion to Dismiss.  *See Johnson v. Pettiford*, --- F.3d ---, 2006 WL 620782, *1 (5th Cir. Mar. 16, 2006) (citing *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1213 (5th Cir. 1980)).

## II.     STANDARD FOR MOTION TO DISMISS

A district court may dismiss a complaint under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts consistent with his factual allegations which would entitle him to the requested relief. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno*, 276 F.3d at 725. However, a plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal for failure to state a claim. *Jones v. Alcoa*, 339 F.3d 359, 362 (5th Cir. 2003). Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins,* 224 F.3d at 498. Documents "attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the claim." *Id.* at 498-99.

Plaintiff attached to his complaint various documents. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed.R.Civ.P. 12(b)(6)." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions" may be considered on a motion to dismiss. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (holding that in deciding a motion to dismiss, the district court could properly rely on documents filed with the Securities and Exchange Commission); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994); *see also Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991).

### III.   ANALYSIS

Wal-Mart moves to dismiss Lee's Title VII claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Wal-Mart contends dismissal is warranted because Lee failed to file this lawsuit within ninety days of receiving his right to sue notices from the EEOC. The Court agrees.

Under Title VII, claimants have ninety days to file a civil action after receiving a right to sue notice from the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376,

379 (5th Cir. 2002) (affirming district court's dismissal of Title VII lawsuit under Rule 12(b)(6) where the plaintiff filed suit ninety-eight days after the EEOC mailed the right to sue notice) (citing *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir. 1982)); *see also* 42 U.S.C. § 2000e-5(f)(1). The ninety day requirement is strictly construed. *See Taylor*, 296 F.3d at 379 (citation omitted). "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Id.* (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Banks v. Rockwell Intern. N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988)).

The EEOC mailed Lee the notice of his right to sue on the Second Charge ("Notice on Second Charge") on July 2, 2004, and mailed the notice of his right to sue on the First Charge ("Notice on First Charge") on March 8, 2005.[11] It is unclear when Lee actually received these Notices. Thus, the Court presumes he received them seven days after they were mailed by the EEOC—July 9, 2004, and March 15, 2005, respectively. *See Taylor*, 296 F.3d at 379.[12] Lee filed this lawsuit on September 19,

---

[11]   *See* Notice on First Charge; Notice on Second Charge.

[12]   Lee attaches to his Original Complaint a document entitled "Dismissal/Notice of Right to Sue Receipt," dated June 27, 2005, in which he acknowledged the receipt of his "letter of the Dismissal/Notice of Right To Sue, dated March 8, 2005." While this document indicates that Lee received the Notice on the First Charge on June 27, 2005, which is within 90 days of the commencement of this litigation, Lee has not submitted any evidence that he did not receive

(continued...)

2005. Accordingly, Lee's claims are untimely because he did not file this lawsuit within ninety days from the time he was presumed to receive either Notice.[13]  *See id*. Dismissal is therefore warranted.

## IV.  CONCLUSION AND ORDER

For the reasons stated above, Wal-Mart is entitled to dismissal of all of the claims pending in Lee's Original Complaint.  Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 17] filed by Defendant Wal-Mart Stores, Inc. is **GRANTED**.  The Court will issue a separate dismissal order.

**SIGNED** at Houston, Texas, this **31st** day of **March 2006.**

_____
Nancy F. Atlas
United States District Judge

---

[12]  (...continued)
the Notice on the First Charge prior to June 27, 2005.  Thus, he has not rebutted the presumption that he received the Notice on the First Charge in March 2005, shortly after it was mailed.

[13]  The address to which the July 2, 2004 notice of right to sue was sent matches the address Lee provided on his Second Charge.  Nevertheless, Lee filed this suit more than eleven months late.  The address to which the EEOC sent the Notice on the First Charge on March 8, 2005, does not match the original P.O. Box address or the street address on the First Charge that Lee provided.  However, the Court assumes that Lee complied with his obligation to keep the EEOC informed of changes of address or phone number.  *See* Charge of Discrimination, dated October 6, 2003.