IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY D. LEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3406 |
| | § | |
| WAL-MART, INC., | § | |
|     Defendant. | § | |

## AMENDED MEMORANDUM AND ORDER

*Pro se* Plaintiff Larry D. Lee ("Lee") filed this employment discrimination lawsuit against Defendant Wal-Mart Stores, Inc. ("Wal-Mart") under Title VII of the Civil Rights Act of 1964 ("Title VII"). In response to Wal-Mart's Motion to Dismiss [Doc. # 17] ("Motion to Dismiss"), the Court entered a Memorandum and Order [Doc. # 22] ("Dismissal Opinion") and Dismissal Order [Doc. # 23] on March 31, 2006, dismissing Lee's case with prejudice. It turns out that Lee filed a Response [Doc. # 24] to the Motion to Dismiss on March 31, 2006. The Court was not aware of the Response when it ruled on the Motion to Dismiss.[1] Accordingly, the Court will vacate the Opinion and Dismissal Order and will reconsider the Motion to Dismiss. Based on the Court's

---

[1] The Court directed Lee to file his response in opposition to the Motion to Dismiss by March 31, 2006. Although Lee timely filed the Response with the District Clerk, the Court was unaware of its filing because the Response was not docketed until April 3, and Lee did not submit a courtesy copy to Chambers.

review of the record in this case and the application of governing legal authorities, the Court denies the Motion to Dismiss.[2]

## I.  BACKGROUND

Lee, an African-American, filed a discrimination charge against Wal-Mart with the Equal Employment Opportunity Commission ("EEOC") on October 6, 2003 ("First Charge").[3]  Specifically, Lee contended in that charge that he was subjected to discrimination and retaliation because of his race in violation of Title VII.  On March 23, 2004, Lee filed with the EEOC a second charge ("Second Charge") against Wal-Mart.  In that charge, Lee alleged Wal-Mart violated Title VII by retaliating against him for filing the First Charge.[4]

---

[2]  Lee apparently served Wal-Mart with a copy of a second complaint in this case, in which Lee asserts claims under the National Labor Relations Act ("NLRA").  *See* Motion to Dismiss, at 1.  Wal-Mart also moves to dismiss these claims.  The Court will not address Lee's putative NLRA claims because this second pleading has not been filed and thus is not part of the record.  The only pleading Lee filed in this case is the Original Complaint [Doc. #1], in which Lee asserts a discrimination claim as well as possibly a retaliation claim.

It is noted that, in his Response, Lee references certain actions allegedly committed by the National Labor Relations Board ("NLRB").  The Court presumes that these contentions in the Response relate to claims asserted under the NLRA in another case Lee filed in this District against Wal-Mart.  That case was docketed as Civil Case No. H-05-2764 and was pending before Judge Kenneth Hoyt.  Judge Hoyt dismissed Case No. H-05-2764 by Order dated December 1, 2005.  If Lee intended to pursue claims under the NLRA, he should have done so in the earlier-filed case; no such claims are pending before this Court and none will be permitted.  Those matters must be directed to Judge Hoyt, if that dismissal is not final.

[3]  EEOC Charge 330-2004-00091, Unmarked Exhibit to Original Complaint.

[4]  EEOC Charge 330-2004-03171, Unmarked Exhibit to Original Complaint.

The EEOC mailed to Lee a notice of his right to sue on the Second Charge ("Notice on Second Charge") on July 2, 2004.[5] On March 8, 2005, the EEOC mailed to Lee a notice of his right to sue on the First Charge ("Notice on First Charge").[6] Both notices advised Lee: "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice;** or your right to sue based on this charge will be lost."[7] In his Original Complaint, Lee alleges that he received his "Notice of Right to Sue letter" on June 27, 2005.[8] Lee also attaches to his Original Complaint two "Dismissal/Notice of Right to Sue" receipts that recite that he "acknowledged receipt" of the Notice on First Charge and Notice on Second Charge (collectively, the "Notices") on June 27, 2005.[9] Lee does

---

[5]  Notice of Rights Letter for Second Charge, with "Date Mailed" listed as July 2, 2004, attached to the Original Complaint as an unlabelled exhibit.

[6]  Notice of Rights Letter for First Charge, with "Date Mailed" listed as March 8, 2005, attached to the Original Complaint as an unlabelled exhibit.

[7]  *See* Notice on First Charge (emphasis in original); Notice on Second Charge (emphasis in original).

[8]  Original Complaint, ¶ 5.

[9]  *See* Dismissal/Notice of Right to Sue Receipt on Charge 330-2004-00091, attached to the Original Complaint as an unlabelled exhibit ("Receipt on First Charge"); *see* Dismissal/Notice of Right to Sue Receipt on Charge 330-2004-03171, attached to the Original Complaint as an unlabelled exhibit ("Receipt on Second Charge"). These documents are referred to collectively as the "Receipts."

not expressly deny that he received the Notices close to the time these documents recite that they were mailed to him.[10]

Substantively, Lee alleges in his Original Complaint that he was terminated, harassed, subjected to disparate treatment, and not promoted because of his race and color in violation of Title VII.[11] Wal-Mart filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that this action is untimely. The Motion to Dismiss is ripe for decision.

## II.  LEGAL STANDARDS

### A.  Standard for Rule 12(b)(6) Motion to Dismiss

A district court may dismiss a complaint under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts consistent with his factual allegations which would entitle him to the requested relief. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.

---

[10]   It is noted that the Notices refer to addresses different from those in the Receipts, and different from the address he appears now to use in this case.

[11]   Original Complaint, ¶ 6.

*Manguno*, 276 F.3d at 725.  In addition, complaints filed by *pro se* litigants are held to less stringent standards than are formal pleadings drafted by attorneys.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).  However, regardless of whether a plaintiff is represented by counsel, conclusory allegations or legal conclusions set forth as factual conclusions will not prevent dismissal.  *Id*.  Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss.  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto."  *Collins*, 224 F.3d at 498.  In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions" may be considered on a motion to dismiss.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).

### B.   Ninety-Day Requirement for Filing Complaint

Under Title VII, claimants have ninety days to file a civil action after receiving a right to sue notice from the EEOC.  *Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir. 1982)); *see also* 42 U.S.C. § 2000e-5(f)(1). This ninety-day limitations period is strictly construed.  *Taylor*, 296 F.3d at 379

(citation omitted). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* (citing *Butler v. Orleans Parish Sch. Bd.*, (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the 90-day period)).

The filing requirements of Title VII, however, are not jurisdictional prerequisites to bringing suit in federal court but are more akin to statutes of limitation and, therefore, are subject to the doctrines of waiver, estoppel, and equitable tolling. *See Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)). Although the ninety-day filing requirement is not jurisdictional, "it is a 'precondition to filing suit in district court.'" *See Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

"It is generally recognized that the ninety-day period begins to run 'on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant.'" *Hunter-Reed v. City of Houston.*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003) (Crone, J.) (quoting *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986)). The Fifth Circuit has held that "the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually

receives notice." *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985). Equitable tolling generally applies when a party suffers adverse consequences as a result of circumstances beyond his or her control. *Id*. at 1251.

However, "[w]hen the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (citations omitted). When the Fifth Circuit was faced in *Taylor* with an unknown receipt date, the court held that a presumption of receipt should apply but did not determine exactly where within the three- to seven-day range the presumption should fall. *Id*. at 379–80. Rather, the court found that even using the more generous seven-day presumption, the plaintiff's claim was untimely. *Id*. at 380. Subsequently, in *Martin*, the Fifth Circuit presumed that the plaintiff received the letter three days after it was mailed, rendering her lawsuit, filed eighty-eight days later, timely. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003).

### III.   ANALYSIS

Wal-Mart moves to dismiss Lee's Title VII claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Wal-Mart argues Lee is presumed to have received the Notices three days after the EEOC mailed the respective Notices. Wal-Mart thus contends dismissal is warranted because Lee did not file this lawsuit until September 19, 2005—more than ninety days after Lee is presumed to have received

both Notices. Lee maintains his Title VII claims are timely because he received the Notices on June 27, 2005.[12] The Court finds this assertion sufficient for a *pro se* plaintiff[13] and accordingly denies Wal-Mart's Motion to Dismiss.

Courts may presume receipt of a right-to-sue notice a short time after the EEOC mails the notice, but the presumption only applies "[w]hen the date on which a right-to-sue letter was actually received is either unknown or disputed." *See Taylor*, 296 F.3d at 379. For purposes of this Motion to Dismiss, the receipt date is neither disputed nor unknown because the Court is required to accept as true Lee's allegation in his Original Complaint that he received copies of the Notices on June 27, 2005.[14] *See Manguno*, 276 F.3d at 725. On the current record, the Court cannot conclude as a matter of law that Lee's Title VII claims are not timely; he filed this lawsuit on September 19, 2005—six days before the ninety-day deadline expired. *See Taylor*, 296 F.3d at 379; *see also* 42 U.S.C. § 2000e-5(f). The Court therefore denies the Motion to Dismiss.[15]

---

[12] Response, at 1.

[13] Generally, courts are to construe pleadings filed by individuals proceeding *pro se* under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 520–21; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

[14] Original Complaint, ¶ 5.

[15] This ruling is without prejudice. Dismissal is not appropriate at this juncture because the Court must credit Lee's allegation that he received notice of his right to sue from the EEOC
(continued...)

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court denies the Motion to Dismiss.

Lee must comply with the governing court and procedural rules.[16] To date, he has not fully done so. First, Lee appears to have changed addresses several times since filing this lawsuit. Yet, he has failed to notify the District Clerk (and possibly defense counsel) of these changes. Lee is warned that he **must** file a notice promptly informing the Court and Wal-Mart of all future changes of his address. Second, the Court warns Lee that the deadlines in the Docket Control Order [Doc. # 21] are binding. If Lee does

---

[15]   (...continued)
on June 27, 2005. However, the Court notes that Lee's factual allegations are sparse and somewhat vague. At this time, it is unclear whether the EEOC mailed the Notices to Lee's then designated address or whether the EEOC otherwise gave Lee proper notice of his right to sue in some other manner prior to June 27, 2005. It is also unclear if Lee kept the EEOC informed of any changes of his address. The Court will revisit the issue of the timeliness of the filing of this suit if requested to do so in a motion for summary judgment accompanied by a more complete evidentiary record. *See Espinoza*, 754 F.2d at 1250 (holding that "the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period" under most circumstances); *see also Thomas v. Dalton's Club Marketing Servs., Inc.*, 2004 WL 2847119, at *2 (N.D. Tex. Dec. 10, 2004) ("Courts have held that a plaintiff's failure to provide the EEOC with an updated address imperils her ability to receive the EEOC's right-to-sue letter and does not justify equitable tolling.") (citing *Smith v. Distributor Operations, Inc.*, 2002 WL 1379185, at *2 (E.D. La. Jun. 25, 2002); *Anyanwu v. NCH Corp.*, 1998 WL 920327, at *4 (N.D. Tex. Dec. 29, 1998)); *Crittendon v. Am. Nat'l Ins. Co.*, 967 F. Supp. 933, 942 (S.D. Tex.1997) ("Failing to provide the EEOC with a current mailing address, thus jeopardizing the claimant's ability to receive the EEOC's notice of right-to-sue, represents one such circumstance that does not justify equitable tolling.") (citations omitted); *Hunter-Reed*, 244 F. Supp. 2d at 741 ("[W]hen plaintiff receives actual notice by other means, such as being told by an EEOC representative that a right-to-sue letter has been issued, the ninety-day limitations period commences without regard to whether the letter is actually received at the time.") (citations omitted).

[16]   The governing court and procedural rules are the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of Texas and the Court's Procedures. *See* www.txs.uscourts.gov.

not have a copy of that Order he may request one from Wal-Mart's attorney. Third, Lee must serve on Wal-Mart's attorney and file with the Court all documents he wants the Court to consider in this case. Finally, the Court reminds Lee that he must appear at all judicial proceedings when scheduled by the Court. Lee, without explanation, did not attend the pretrial conference held on March 27, 2006. Attendance at court-ordered hearings and conferences is not optional. If a party is unable to attend, he or it must request the setting be moved to a different time or day by filing a "motion to re-set" the conference or hearing. That motion must be received by the Court before the day of the scheduled hearing. <u>Failure to comply with these rules and other Court orders may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b)</u>. It is therefore

**ORDERED** that the Court's Memorandum and Order [Doc. # 22] and Dismissal Order [Doc. # 23] are **VACATED** and this case is reinstated. It is further

**ORDERED** that the Motion to Dismiss [Doc. # 17] filed by Defendant Wal-Mart Stores, Inc. is **DENIED**. It is further

**ORDERED** that the District Clerk is directed to change the docket sheet to reflect Plaintiff's contact information as: Larry D. Lee, 15534 Zabolio # 229, Webster, Texas 77598, 281-218-6114. The District Clerk is further directed to send a copy of the Docket Control Order [Doc. # 21] to Plaintiff at the above address. It is further

**ORDERED** that (i) Lee must file a notice promptly informing the Court and Wal-Mart of all future **changes of his address**, if any; (ii) Lee must comply with the **deadlines** in the Docket Control Order [Doc. # 21], which are binding on all parties unless changed by agreement or by the Court upon a party's motion; (iii) Lee must **serve** on Wal-Mart's attorney and **file** with the Court all documents he wants the Court to consider in this case; and (iv) Lee **must appear** at all judicial proceedings when scheduled by the Court.

SIGNED at Houston, Texas, this **7th** day of **April 2006.**

Nancy F. Atlas
United States District Judge