**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY D. LEE, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3406 |
| | § | |
| WAL-MART, INC., | § | |
|       Defendant. | § | |

## <u>OPINION</u>

This is an employment discrimination case, filed by Larry D. Lee against Wal-Mart Stores, Inc. ("Wal-Mart") under Title VII of the Civil Rights Act of 1964. Pending before the Court is Wal-Mart's Motion for Summary Judgment (the "Motion") [Doc. # 48].  Lee has responded [Doc. # 54] to the Motion, and it is ripe for adjudication.  After considering the Motion and related filings, all matters of record, and applicable legal authorities, the Court concluded that it was necessary to decide the threshold factual dispute of the timeliness of Lee's filing this action and to hold the balance of Wal-Mart's Motion for Summary Judgment in abeyance pending the timeliness decision.  The Court conducted a bench trial on December 19, 2006, after due notice to the parties.  Based on the testimony and documents presented at trial, as

well as all matters of record, the Court holds that this action is not timely and must be dismissed.[1]

## I.   PROCEDURAL BACKGROUND

Lee, an African-American, began working for Wal-Mart on September 15, 2001, at Store # 1062 in Friendswood, Texas.  He received several merit-based pay increases, but on July 1, 2004, he was terminated after a supervisor accused him of falsifying documents to hide the fact that he was late to work.  Lee complains that Wal-Mart discriminated against him on the basis of his race and color by harassing him, paying him less than non-African American employees, failing to promote him, failing to enforce its own policies, and eventually terminating him.  Lee filed this action in federal court on September 19, 2005.  His claims in this case are predicated on two charges that he filed with the Equal Employment Opportunity Commission ("EEOC").  The timeliness of the suit in relation to those charges is a dispositive issue in this case.

Wal-Mart filed a Motion to Dismiss [Doc. # 17], arguing that Lee's suit is untimely.  The Court initially granted the Motion to Dismiss because it appeared the

---

[1]     Also pending before the Court are Wal-Mart's Motion to Seal [Summary Judgment] Exhibits 20 and 21 to its underlying Motion [Doc. # 49] and Lee's letter to the Court asking permission to enter Wal-Mart's property to personally serve subpoenas on its employees [Doc. # 53].  The Motion to Seal Exhibits 20 and 21 will be **granted**.  Lee's request to personally serve subpoenas is **denied as moot**.

motion was unopposed.   *See* Docs. # 22, # 23.  In fact, however, Lee had responded to the Motion to Dismiss with a "Motion to Proceed" [Doc. # 24] filed on the response deadline.  Once the Court realized this document was filed, the Court considered it and determined that the interests of justice mandated that the dismissal be vacated. Amended Memorandum and Order [Doc. # 25], at 8.  The Court reopened the case, noting that "Lee's factual allegations are sparse and somewhat vague"[2] and specifically informing the parties that it would "revisit the issue of timeliness . . . if requested to do so in a motion for summary judgment accompanied by a more complete evidentiary record."  *Id.* at 9 n.15.

After the close of discovery, Wal-Mart filed the instant Motion for Summary Judgment.  Wal-Mart contends as a threshold matter that Lee filed suit well beyond the applicable statutory ninety-day period, and that his claims should be dismissed. The Court concluded that there was a genuine threshold dispute of material fact as to the mailing, delivery and receipt of the EEOC's "Dismissal and Notice of Rights" ("dismissal notice") pertaining to his two charges of discrimination and retaliation. *See* Order Setting Evidentiary Hearing [Doc. # 56], at 1.  On December 19, 2006, the

---

[2]   Lee stated in his pleading that "Plaintiff received his right to sue on date 06/27/05."  Lee's Motion to Proceed [Doc. # 24], at 1.  Because of Lee's *pro se* status, the Court deemed this statement a representation under penalty of perjury, 28 U.S.C. § 1746, which raised an issue that Lee may have received the notice within 90 days of filing this suit. *See generally Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

Court conducted a bench trial on this timeliness issue.  Having considered all the evidence presented at trial, the demeanor of Plaintiff Lee, the sole witness at trial, representations of defense counsel as an officer of the court, all other matters of record, and the applicable law, the Court makes the following findings of fact and conclusions of law.

## I.   FINDINGS OF FACT

Lee filed two EEOC charges of discrimination and retaliation against Wal-Mart. Because the procedural steps for each charge were different, the Court addresses separately the timeliness of Lee's claims based on the respective charges.

### A.   Lee's First EEOC Charge (# 0091)

Lee filed his first charge with the EEOC on October 6, 2003, claiming that Wal-Mart discriminated against him because of his race.   *See* EEOC Charge 330-2004-00091 (the "# 0091 charge"), Plaintiff's Exhibit 1.[3]  Specifically, Lee asserted Wal-Mart paid its African-American employees less than other employees, and that a co-worker subjected him to offensive racial epithets.  Lee originally listed his mailing address in this charge as a post office box in Houston.  On or about July 2, 2004, the EEOC apparently mailed to Lee the dismissal notice dismissing Lee's # 0091 charge.

---

[3]      All citations to exhibits in this Opinion are to the parties' trial exhibits.

No copy of this dismissal notice is in the record,[4] but later correspondence between the EEOC and Lee refers to the notice, and other evidence strongly suggests that Lee received it shortly after it was mailed.[5]  Specifically, on July 23, 2004, Lee sent a letter to the EEOC asking for reconsideration of its dismissal of the # 0091 charge.[6]  The EEOC granted Lee's request on August 4, 2004, revoked the July 2 dismissal notice on that charge, and reopened that proceeding[7]  The EEOC sent the letter reopening the # 0091 proceeding to Lee at a new mailing address, 4210 Young Street, Apt. 113, Pasadena, Texas 77504, indicating that on or before August 4, 2004, he had informed the EEOC of that new address with respect to the # 0091 charge.  On August 9, 2004, Lee submitted an amendment to the # 0091 charge by which he added a claim that Wal-Mart terminated his employment in retaliation for filing his initial charge and/or a second EEOC charge (discussed below).[8]

---

[4]     It appears that the EEOC does not have a copy in its file.  Both parties stated none could be found.

[5]     Letter from Michael C. Fetzer, EEOC Acting District Director, to Larry Lee, dated February 24, 2005, Plaintiff's Exhibit 5.

[6]     Letter from Larry Lee to EEOC Chairman, dated July 23, 2004, Plaintiff's Exhibit 2.

[7]     Letter from Michael C. Fetzer, EEOC Acting District Director, to Larry Lee, dated August 4, 2004, Plaintiff's Exhibit 3.

[8]     Amendment to Charge 330-2004-00091, dated August 9, 2004, Plaintiff's Exhibit 4.

On February 8, 2005, Lee and the EEOC investigator assigned to his case spoke on the phone.[9] Two weeks thereafter, on February 24, 2005, Fetzer sent a letter to Lee explaining that the EEOC's investigation "revealed insufficient evidence to warrant further processing of the # 0091 charge."[10] The February 24 letter, sent to the Young Street address, informed Lee that a "dismissal notice is being sent to your residence," and that Lee could file suit in federal court "within 90 days of your receipt of the Notice."[11] The EEOC file contains a "Dismissal and Notice of Rights" for the # 0091 charge which reflects a notation that it was "mailed" on March 8, 2005 (the "# 0091 notice"). Lee presented a copy of that notice at trial.[12] The # 0091 notice was addressed to Plaintiff at 703 Murphy Lane, Apt. C, Pasadena, Texas 77504.[13] There is no documentation in the record explaining how the EEOC was informed of

---

[9]   The date of this conversation is taken from the February 24, 2005 letter from Michael C. Fetzer, EEOC Acting District Director, to Lee. Plaintiff's Exhibit 5. According to the letter, the investigator called Lee on February 2, *2004*. The context of the letter and Lee's testimony at trial make it clear that this is a typo—had the conversation taken place in 2004, it would have been irrelevant in light of the EEOC's decision to reopen the case in August of that year.

[10]   *Id.*

[11]   *Id*.

[12]   Dismissal and Notice of Rights, EEOC Charge No. 330-2004-00091, Plaintiff's Exhibit 6.

[13]   At trial, Lee consistently referred to this as the "Vista" address. Because Lee referred to both addresses as his mother's residence and clarified that he was living with her at the time, it appears that he was referring to the Murphy Lane address.

this change of address, but Lee testified that he notified the EEOC by telephone of this address.

Lee denies having received the # 0091 notice in March 2005.  He states that he did not receive of copy of that notice until he visited the EEOC office on June 27, 2005, and was handed a copy.[14]  Lee testified at trial that when he visited the EEOC office, he saw in the file an envelope attached to a notice that had been mailed to him and that the letter was returned to the EEOC as "undelivered."  Lee did not introduce in evidence a copy of any returned letter and did not  state the address to which the letter was mailed.[15]

The Court finds Lee's trial testimony incredible concerning the timing of his receipt of the # 0091 notice.  The weight of the evidence is that Lee received the # 0091 notice of right to sue in March 2005, shortly after it was mailed by the EEOC. Lee's trial testimony denying this fact is flatly contradicted by his clear and unambiguous deposition testimony admitting he received that notice in the mail while living at his mother's residence on Murphy Lane.[16]  Lee's frank admission at his

---

[14]     *See* Dismissal/Notice of Right to Sue Receipt, dated June 27, 2005, Plaintiff's Exhibit 7.

[15]     Wal-Mart's counsel stated that her review of the EEOC's file did not disclose any documents pertaining to the timeliness of Lee's suit other than those in the trial record.

[16]     Deposition of Larry Lee, June 27, 2006, Defendant's Exhibit 1. Specifically, when shown the # 0091 notice, Lee explained that he lived and received mail at the Murphy Lane address at the time and then answered Wal-Mart's counsel's questions as follows:

(continued...)

deposition that he received the # 0091 notice belies his contrary trial testimony, which the Court finds unpersuasive and equivocal.

Lee's trial testimony that he saw in the EEOC's file an undelivered envelope in June 2005 and his associated argument that the March 2005 # 0091 notice was not delivered to him are unpersuasive.  Lee presents no documentary proof on these matters.  He had the ability to obtain copies of all documents in the EEOC's file.  There is no documentary evidence that any such returned envelope was mailed in March 2005, no evidence of the address to which any such envelope was sent, and no evidence that any such envelope contained the # 0091 notice dated March 2005.  The Court accordingly finds that Lee received the # 0091 notice at his mother's address on Murphy Street more than ninety days before he filed the suit in this case.

## B.   Lee's Second EEOC Charge (# 3171)

---

[16]      (...continued)

> **Q.**  Okay.  And so you would have gotten this [notice] shortly after it was mailed?
> **A.**  I'm not sure when she gave it to me, but when I saw her, *she did give it to me, you know.*
> **Q.**  I'm sorry, who are you saying give [sic] it to you?
> **A.**  My mother, I'm sorry.  That was her address.
> **Q.**  And you were living with your mother at the time?
> **A.**  Yes.
> **Q.**  And so she would have given it to you shortly after it came in the mail?
> **A.**  *Yeah, I'm sure, yeah.*"

*Id.* at 226-27 (emphasis added).  Lee denied at trial giving these deposition responses.  The Court does not find this denial credible.

On March 23, 2004, Lee filed with the EEOC a second charge (the "# 3171 charge") against Wal-Mart.[17]   In that charge, Lee alleged that Wal-Mart retaliated against him by suspending him in contravention of its own written discipline policy, and that a supervisor physically intimidated him.  Lee used "10912 Gulf Freeway, # 32, Houston, Texas 77034" as his mailing address on this charge.[18]  The EEOC sent a Dismissal and Notice of Rights (the "# 3171 notice")[19] to that Gulf Freeway address on July 2, 2004, the same day the EEOC apparently sent the initial dismissal notice regarding Lee's first charge, the # 0091 charge.  There is no probative evidence that Lee informed the EEOC of any change of address for the # 3171 charge.  The EEOC mailed the # 3171 notice to the address Lee provided for the # 3171 charge.

Lee testified at trial that he was living at the Gulf Freeway address in March 2004 when he filed the # 3171 charge, but was uncertain whether he lived there in July 2004 when the EEOC mailed the # 3171 notice.  Lee's testimony and demeanor establish that he was unsure at the time of trial where he lived on any particular date and he produced no independent documentary evidence to support his guesses about the timing on his various residences.  It is clear that regardless of where Lee was living in July 2004, he received mail at the Young Street address at that time.  This

---

[17]     EEOC Charge 330-2004-03171 (the "3171 charge"), Plaintiff's Exhibit 10.

[18]     *Id.*

[19]     Dismissal and Notice of Rights, mailed July 2, 2004, Plaintiff's Exhibit 11.

is the address to which the original notice of right to sue was sent on Lee's # 0091 charge was mailed.  It is evident that Lee received that document in a timely fashion because he challenged it successfully within weeks of its issuance.[20]  The Court finds that Lee failed to keep the EEOC apprised of his address change for the # 3171 charge.[21]

Lee stated at trial that he understood that the EEOC revoked the notice of right to sue on the # 3171 charge, as well as the # 0091 charge.  His belief is without foundation and the Court does not credit it as probative evidence.  In contrast to the documentation on the # 0091 charge, Lee has produced no copy of any notice of revocation regarding the # 3171 charge.  There is no indication that any such document is in the EEOC's files.  The only notice of right to sue in the record for the # 3171 charge, and all documents associated with that notice, reflect that the notice was mailed/dated July 2, 2004, thus belying Lee's contentions.[22]

---

[20]    *See* Letter from Larry Lee to EEOC Chairman, dated July 23, 2004, Plaintiff's Exhibit 2; Letter from Michael C. Fetzer, EEOC Acting District Director, to Larry Lee, dated August 4, 2005, Plaintiff's Exhibit 3.

[21]    Lee's testimony that he gave the EEOC investigator "for his case" an updated mailing address is not to the contrary.  Lee  testified to only one conversation, and that conversation appears to have occurred in February 2005, well after the # 3171 notice was mailed. Alternatively, if the conversation occurred earlier—in 2004—it appears that Lee gave the investigator the address change for the # 0091 charge.

[22]    *See* Dismissal/Notice of Right to Sue Receipt, Plaintiff's Exhibit 12.

The Court finds that the EEOC sent its notice of right to sue on the # 3171 charge to Lee's Gulf Freeway address, the only address Lee provided the agency for that charge.  The Court also finds that the EEOC did not revoke the notice on the # 3171 charge.

## II.   CONCLUSIONS OF LAW

### A.   The # 0091 Charge

Under Title VII, claimants have ninety days to file a civil action after receiving a right to sue notice from the EEOC.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)); *see also* 42 U.S.C. § 2000e-5(f)(1).  This ninety-day limitations period is strictly construed.  *Taylor*, 296 F.3d at 379 (citation omitted).  "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired."  *Id.* (citing *Butler v. Orleans Parish Sch. Bd.*, (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where pro se plaintiff filed her complaint one day beyond the 90-day period)).  Although the ninety-day filing requirement is not jurisdictional, "it is a 'precondition to filing suit in district court.'"  *See Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

"It is generally recognized that the ninety-day period begins to run 'on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant.'" *Hunter-Reed, v. City of Houston*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003) (Crone, J.) (quoting *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986)). The Fifth Circuit has held that "the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice." *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985). "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (citations omitted).

Here, the Court has found that Lee received the # 0091 notice in March 2005.[23] The Court presumes that Lee received the document shortly after it was mailed. *See Taylor*, 296 F.3d at 379; *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 411 (5th Cir. 2003). Lee's federal court claims based on the # 0091 charge are not timely because suit was filed September 19, 2005, nearly 200 days after the notice

---

[23]     Plaintiff's Exhibit 6.

was mailed.  Lee's claims arising from the # 0091 charge are time-barred also because

he gained actual knowledge of the dismissal and his right to sue on that charge from

the EEOC's letter sent to him February 24, 2005, which informed him that the notice

was being sent out shortly.  *See Hunter-Reed*, 244 F. Supp. 2d at 740 (collecting

authority for the proposition that "when the plaintiff receives actual notice by other

means, such as being told by an EEOC representative that a right-to-sue letter has

been issued, the ninety-day limitations period commences without regard to whether

the letter is actually received at that time").  The Court accordingly concludes that

Lee's claims predicated on the # 0091 charge are untimely, and must be dismissed.

*See Taylor*, 296 F.3d at 380.

###    B.    The # 3171 Charge

The Court has found that the ninety-day period on the second charge began in

July 2004, more than one year before Lee filed this lawsuit.  As noted above, the

"giving of notice to the claimant at the address designated by him suffices to start the

ninety-day period," unless the claimant, through no fault of his own, fails to receive

the notice.  *See Espinoza*, 754 F.2d at 1250.  Lee provided the EEOC with the Gulf

Freeway address when he filed the # 3171 charge.  The EEOC sent the # 3171 notice

to the address on file for that charge.  There is no probative evidence in the record

that he updated the agency with any address change for this charge.  Because Lee

failed to notify the EEOC of his change of address, he must bear responsibility for any failure to receive the # 3171 notice. There is no basis for tolling the ninety-day period on claims arising from this charge. *See Thomas v. Dalton's Club Marketing Servs., Inc*., 2004 WL 2847119, at \*2 (N.D. Tex. Dec. 10, 2004) ("Courts have held that a plaintiff's failure to provide the EEOC with an updated address imperils her ability to receive the EEOC's right-to-sue letter and does not justify equitable tolling.") (citing *Smith v. Distrib. Operations, Inc.*, 2002 WL 1379185, at \*2 (E.D. La. Jun.25, 2002); *Anyanwu v. NCH Corp.*, 1998 WL 920327, at \*4 (N.D. Tex. Dec. 29, 1998)); *Crittendon v. Am. Nat'l Ins. Co.*, 967 F. Supp. 933, 942 (S.D. Tex. 1997) ("Failing to provide the EEOC with a current mailing address, thus jeopardizing the claimant's ability to receive the EEOC's notice of right-to-sue, represents one such circumstance that does not justify equitable tolling." (citations omitted)).

The Court concludes that the ninety-day period on the # 3171 charge began to run shortly after the EEOC mailed the notice on that charge. Because Lee neglected as to this charge to keep the EEOC informed of his current mailing address, the ninety-day limitations period was not tolled. That period expired many months before Lee filed suit. His claims based on the # 3171 charge must be dismissed as untimely.

## V.   <u>CONCLUSION</u>

Based on the evidence adduced at trial, the Court concludes that none of Lee's claims asserting in this suit are timely.  Each was filed well outside the statutory ninety-day limitations period and must be dismissed.  It is therefore

**ORDERED** that Lee's claims are dismissed as untimely filed.  It is further

**ORDERED** that, other than as to the timeliness issue, Defendant's Motion for Summary Judgment [Doc. # 48] is **DENIED as moot**.  It is further

**ORDERED** that Defendant's Motion to Seal Exhibits 20 and 21 [Doc. # 49] as to the Motion for Summary Judgment is **GRANTED**.  It is further

**ORDERED** that Plaintiff's request to personally serve subpoenas [Doc. # 53] is **DENIED as moot**.

The Court will issue a separate final order.

**SIGNED** at Houston, Texas, this **16**th day of **January, 2007**.

Nancy F. Atlas
United States District Judge